UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**DANIEL CLAY WILKERSON SR.**              **CIVIL ACTION**

**VERSUS**                                  **NO. 06-3044**

**JUDGE WALTER I. LANIER III ET AL.**      **SECTION "B" (2)**

### REPORT AND RECOMMENDATION

Plaintiff, Daniel Clay Wilkerson Sr., is a prisoner currently incarcerated in the Sherman Walker Correctional Center in LaPlace, Louisiana. He filed this complaint pro se and in forma pauperis pursuant to 42 U.S.C. § 1983 against Lafourche Parish 17th Judicial District Court Judge Walter I. Lanier III, the Louisiana Department of Corrections ("DOC"), DOC Secretary Richard Stalder, Lafourche Parish Assistant District Attorney Lisa Pinho and attorney George J. Ledet Jr.

Wilkerson alleges that Judge Lanier imposed a sentence on him which did not restrict his eligibility to earn good-time credits. Record Doc. No. 1, Complaint at p. 5, ¶ IV. He further claims that the DOC failed to honor the sentence and has instead

categorized him under Louisiana law as ineligible for good-time credits. Id. He alleges that he filed a motion to correct his sentence, which was denied by Judge Lanier at a hearing held on January 17, 2006. Id. at pp. 7, 12. He further claims that Ledet refused to represent him at the hearing, and Judge Lanier refused to appoint counsel. He also claims that Assistant District Attorney Pinho threatened to charge him if he pursued an appeal of the judge's ruling. Id. at p. 13. Wilkerson further alleges that these acts violated due process, equal rights, right to counsel, and exposed him to double jeopardy because he will have to serve twice the sentence he would otherwise have with good-time credits. Id. at pp. 14-15.

Wilkerson requests that this court order the Department of Corrections to correct their records concerning diminution of sentence for good behavior or rule that the 17th Judicial District Court Parish of Lafourche Division 'C' Honorable Judge Walter I. Lanier III, Assistant District Attorney Lisa Pinho to be in contempt of the conditions and agreement of plea bargain and Case No. 392246 be set aside." Id., at p.5, ¶V.

## ANALYSIS

I.   STANDARDS OF REVIEW

A prisoner's pro se complaint for alleged civil rights violations must be screened by the court as soon as practicable after docketing, regardless whether it has also been filed in forma pauperis. 28 U.S.C. § 1915A(a); Martin v. Scott, 156 F.3d 578, 579-80

(5th Cir. 1998). Such complaints by prisoners must be dismissed upon review if they are frivolous or fail to state a claim. 28 U.S.C. § 1915A(b)(1).

"A federal court may dismiss a claim in forma pauperis 'if satisfied that the action is frivolous or malicious.'" Moore v. McDonald, 30 F.3d 616, 620 (5th Cir. 1994) (quoting former 28 U.S.C. § 1915(d), now incorporated in 28 U.S.C. § 1915(e), as amended). A complaint is frivolous "if it lacks an arguable basis in law or fact." Davis v. Scott, 157 F.3d 1003, 1005 (5th Cir. 1998); Reeves v. Collins, 27 F.3d 174, 176 (5th Cir. 1994). The law "'accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless.'" Macias v. Raul A. (Unknown), Badge No. 153, 23 F.3d 94, 97 (5th Cir. 1994) (quoting Neitzke v. Williams, 490 U.S. 319, 327 (1989)).

"'A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist.'" Davis, 157 F.3d at 1005 (quoting McCormick v. Stalder, 105 F.3d 1059, 1061 (5th Cir. 1997)). "When a complaint raises an arguable question of law which the district court ultimately finds is correctly resolved against the plaintiff, dismissal under Rule 12(b)(6) is appropriate; however, dismissal under the section 1915(d) standard is not." Moore v. Mabus, 976 F.2d 268, 269 (5th Cir. 1992). An in

3

forma pauperis complaint which is legally frivolous, fails to state a claim or seeks monetary relief against a defendant who is immune from such relief may be dismissed sua sponte at any time under 28 U.S.C. § 1915(e)(2).

In this case, plaintiff's complaint may be dismissed under 28 U.S.C. § 1915(e) as frivolous because it lacks an arguable basis in law or under Rule 12(b)(6) because it fails to state a cognizable Section 1983 claim under the broadest reading.[1] In addition, the habeas corpus aspects of plaintiff's claims must be dismissed without prejudice because plaintiff has brought the claims in the wrong proceeding and has not exhausted his state court remedies.

II.   SECTION 1983 CLAIMS

A.   JUDICIAL IMMUNITY

Plaintiff's claims against Judge Lanier are barred by judicial immunity. For more than one hundred years, judges have been held immune from liability for judicial acts done within their jurisdiction. Stump v. Sparkman, 435 U.S. 349, 356 (1978) (citing Bradley v. Fisher, 80 U.S. 335 (1871)); Mays v. Sudderth, 97 F.3d 107, 110 (5th Cir. 1996). "A judge, of whatever status in the judicial hierarchy, is immune from suit for damages resulting from any acts performed in [his or her] judicial role." Ammons v.

---

[1] Pro se civil rights complaints must be broadly construed, Moore, 30 F.3d at 620, and I have broadly construed the complaint in this case.

Baldwin, 705 F.2d 1445, 1447 (5th Cir. 1983) (citations omitted); accord Mays, 97 F.3d at 110-11. This judicial immunity applies even if a judge is accused of acting maliciously or corruptly. Stump, 435 U.S. at 356-57; Pierson v. Ray, 386 U.S. 547, 554 (1967), overruled in part on other grounds by Harlow v. Fitzgerald, 457 U.S. 800 (1982), as recognized by Hill v. Shelander, 992 F.2d 714, 716 (7th Cir. 1993); Mays, 97 F.3d at 110-11. Judicial officers are absolutely immune from liability for damages unless they are without jurisdiction. Id., at 111; Dayse v. Schuldt, 894 F.2d 170, 172 (5th Cir. 1990); Freeze v. Griffith, 849 F.2d 172, 175 (5th Cir. 1988).

In the past, however, judicial officers did not enjoy absolute immunity from suits seeking injunctive relief. Relief of that nature was available under Section 1983 against state court judges acting in their judicial capacity. Pulliam v. Allen, 466 U.S. 522, 541-42 (1984). However, the Federal Courts Improvement Act of 1996 ("FCIA") amended Section 1983 to provide that "in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief is unavailable." 42 U.S.C. § 1983.

The FCIA therefore statutorily overruled Pulliam's holding regarding the availability of injunctive relief against a state judge in his official capacity. Guerin v. Higgins, 2001 WL 363486 (2nd Cir. 2001) (unpublished); Nollet v. Justices of the Trial

Ct. of the Commw. of Mass., 83 F. Supp.2d 204, 210 (D. Mass. 2000); accord Bolin v. Story, 225 F.3d 1234, 1242 (11th Cir. 2000) (the 1996 amendment to Section 1983 would limit the relief available from a judge to declaratory relief).  Injunctive relief is not available to Wilkerson in this Section 1983 action against Judge Lanier.  See Tesmer v. Granholm, 114 F. Supp.2d 603, 618 (E.D. Mich. 2000); Nollet, 83 F. Supp.2d at 210.

Furthermore, to whatever extent, if any, that Wilkerson seeks an order of this court directing Judge Lanier to take some action concerning Wilkerson's state court proceedings, a federal court has no power to direct a state court or its judicial officers in the performance of their duties when mandamus is the only relief sought.  In re Campbell, 264 F.3d 730, 731 (7th Cir. 2001); Santee v. Quinlan, 115 F.3d 355, 356-57 (5th Cir. 1997); Russell v. Knight, 488 F.2d 96, 97 (5th Cir. 1973); Moye v. Clerk, 474 F.2d 1275, 1276 (5th Cir. 1973); Lamar v. 118th Judicial Dist. Court, 440 F.2d 383, 384 (5th Cir. 1971); White v. Stricklin, No. 3:02-CV-688-D, 2002 WL 1125747, at *2 (N.D. Tex. May 23, 2002) (Fitzwater, J.); Norman v. Louisiana Supreme Court, No. 01-2225, 2001 WL 881298, at *1 (E.D. La. Aug. 3, 2001) (Duval, J.).  This court is without authority to order officials of the state court in which plaintiff's case is pending to treat his claims in any particular way or to otherwise interfere with the rulings of its judges.

Wilkerson seeks declaratory and injunctive relief against Judge Lanier and the other defendants to enforce the terms and conditions of his sentence and plea agreement.

6

Wilkerson's claims against Judge Lanier are within the scope of the judge's role as a judicial officer and therefore within his jurisdiction. Consequently, the doctrine of absolute judicial immunity bars Wilkerson's suit for injunctive relief against Judge Lanier. To the extent Wilkerson seeks declaratory relief against Judge Lanier regarding the validity of his detention and sentence, that relief must be sought through petition for writ of habeas corpus and not under Section 1983, as is addressed later in this report. For these reasons, all of Wilkerson's claims against Judge Lanier must be dismissed as frivolous or for failure to state a claim for which relief can be granted.

B.    DEFENSE ATTORNEY IS NOT A STATE ACTOR

George J. Ledet Jr., sued in this action under Section 1983, is an attorney who allegedly was appointed to represent plaintiff in his state court criminal proceedings. To be successful under Section 1983, a plaintiff must establish that a defendant has acted under color of state law in violating his rights. See Daniels v. Williams, 474 U.S. 327 (1986). To state a claim under Section 1983, a plaintiff must show "(1) deprivation of a right, privilege or immunity secured by the federal laws or Constitution (2) by one acting under color of state law." Miss. Women's Med. Clinic v. McMillan, 866 F.2d 788, 791 (5th Cir. 1989) (emphasis added); Morris v. Dearborne, 181 F.3d 657, 666 n.6 (5th Cir. 1999). Plaintiff must show that Ledet's actions are "fairly attributable to the state." West v. Atkins, 487 U.S. 42, 49 (1988).

7

Under no circumstances can this defendant, as the attorney who represented Wilkerson in his criminal case, be considered a state actor. See Polk County v. Dodson, 454 U.S. 312, 325 (1981); Hudson v. Hughes, 98 F.3d 868, 873 (5th Cir. 1996); Mills v. Crim. Dist. Ct. No. 3, 837 F.2d 677, 679 (5th Cir. 1988). Because this defendant is not a state actor, plaintiff's Section 1983 claims against him have no basis in federal law and must be dismissed for failure to state a cognizable claim.

C.    ELEVENTH AMENDMENT IMMUNITY

Plaintiff's Section 1983 claims against the Louisiana Department of Corrections and Secretary Stalder in his official capacity are barred by the Eleventh Amendment to the United States Constitution. A state actor sued in his or her official capacity is not considered a person for purposes of suit under Section 1983. Will v. Mich. Dep't of State Police, 491 U.S. 58 (1989). Instead, the action would be considered one against the employer, in this case, the State of Louisiana through the Department of Corrections. See Monell v. Dep't of Soc. Servs., 436 U.S. 658, 690 n. 55 (1978).

The DOC itself is a department within the Louisiana state government. La. Rev. Stat. Ann. § 36:401. For Eleventh Amendment purposes, the DOC is considered an arm of the state since any judgment against it or its subdivisions necessarily would be paid from state funds. Anderson v. Phelps, 655 F. Supp. 560, 564 (M.D. La. 1985). Therefore, suit against the DOC and Stalder in his official capacity is a suit against the

State of Louisiana, which is prohibited by the Eleventh Amendment. Citrano v. Allen Corr. Ctr., 891 F. Supp. 312, 320 (W.D. La. 1995) ("A suit against any state correctional center would be suit against the state and therefore barred by the Eleventh Amendment.") (citing Anderson, 655 F. Supp. at 560 and Bldg. Eng'r Serv. Co., Inc. v. La., 459 F. Supp. 180 (E.D. La. 1978)).

The State of Louisiana is immune from suit in federal court under the Eleventh Amendment. Sovereign immunity under the Eleventh Amendment bars actions for monetary relief in federal court against a State or state agency unless the State has consented to be sued. U.S. Const. amend. XI; Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 100 (1984); Ala. v. Pugh, 438 U.S. 781, 782 (1978); Richardson v. Southern Univ., 118 F.3d 450, 452 (5th Cir. 1997).

Generally, the State of Louisiana has not waived its immunity or consented to the exercise of federal judicial power in civil actions against it. La. Rev. Stat. Ann. § 13:5106(A); Delahoussaye v. City of New Iberia, 937 F.2d 144, 147 (5th Cir. 1991). Thus, in each unsanctioned instance of federal suit, the State or its agency must affirmatively waive its Eleventh Amendment immunity. Port Auth. Trans-Hudson Corp. v. Feeney, 495 U.S. 299, 305 (1990); Stem v. Ahearn, 908 F.2d 1, 4 (5th Cir. 1990).

To ensure the enforcement of federal law, however, the Eleventh Amendment permits suits for prospective injunctive relief against state officials acting in violation of

federal law. Frew ex rel. Frew v. Hawkins, 540 U.S. 431, 437 (2004) (citing Ex parte Young, 209 U.S. 123 (1908)). This standard allows federal courts to order prospective relief and ancillary relief thereto where there exists a violation of federal law. Id. (citing Edelman v. Jordan, 415 U.S. 651 (1974); Milliken v. Bradley, 433 U.S. 267 (1977); Green v. Mansour, 474 U.S. 64, 71-73 (1985)). Wilkerson does not seek monetary damages but instead declaratory and injunctive relief to have his DOC records corrected, the judge and prosecutor held in contempt of the plea agreement, and his release from confinement.

Wilkerson has asserted that the errors in the execution of his 2003 sentence violate the United States Constitution, specifically the due process and equal protection clauses. These claims, however, must be pursued through a petition for writ of habeas corpus and not this Section 1983 complaint.

For these reasons, although the State of Louisiana is not per se immune from the declaratory and injunctive relief suit, Wilkerson has failed to assert a claim for which relief can be granted under Section 1983 because the relief sought is habeas corpus in nature. Therefore, Wilkerson's claims against the DOC and Stalder in his official capacity are subject to dismissal with prejudice as legally frivolous or for failure to state a claim for which relief can be granted under Heck v. Humphrey, 512 U.S. 477 (1994),

without prejudice to his ability to pursue his relief in the appropriate habeas corpus petition as is further addressed later in this opinion.

D.      ABSOLUTE PROSECUTORIAL IMMUNITY

Lafourche Parish Assistant District Attorney Pinho has been named as a defendant in this case based solely upon her actions as a prosecutor in connection with state court post-conviction criminal proceedings brought by Wilkerson. However, the assistant district attorney is immune from suit for damages in this instance.

Courts employ a "functional" test to determine whether officials are entitled to absolute immunity, in which they look to the "nature of the function performed, not the identity of the actor who performed it." Forrester v. White, 484 U.S. 219, 227-29 (1988); Hulsey v. Owens, 63 F.3d 354, 356 (5th Cir. 1995). It is well established that prosecutors are immune from liability under Section 1983 for actions taken as an advocate in pursuit of a criminal prosecution. Cleavinger v. Saxner, 474 U.S. 193, 200 (1985); Spivey v. Robertson, 197 F.3d 772, 775 (5th Cir. 1999); Graves v. Hampton, 1 F.3d 315, 318 (5th Cir. 1993), abrogated in part on other grounds by Arvie v. Broussard, 42 F.3d 249, 250 (5th Cir. 1994). This immunity applies to a prosecutor's actions "in initiating prosecution and in carrying the case through the judicial process." Id.; accord Buckley v. Fitzsimmons, 509 U.S. 259, 270, 272 (1993).

11

Thus, "[a] prosecutor enjoys absolute immunity from personal liability for damages under section 1983 for actions 'initiating a prosecution and . . . presenting the State's case' and those 'intimately associated with the judicial phase of the criminal process.'" Esteves v. Brock, 106 F.3d 674, 676 (5th Cir. 1997) (quoting Imbler v. Pachtman, 424 U.S. 409, 430-31 (1976)). "A prosecutor's absolute immunity will not be stripped because of action that was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the clear absence of all jurisdiction." Kerr v. Lyford, 171 F.3d 330, 337 & n.10 (5th Cir. 1999) (quotations omitted) (citing Stump, 435 U.S. at 356-57; Butz v. Economou, 438 U.S. 478, 510 (1978)).

However, while prosecutors enjoy absolute immunity from damages liability, they are not immune from Section 1983 suits seeking injunctive relief. Sup. Ct. of Va. v. Consumers Union of U.S., Inc., 446 U.S. 719, 736-37 (1980) (citing Gerstein v. Pugh, 420 U.S. 103 (1975)). Wilkerson does not seek monetary damages but instead declaratory and injunctive relief to have his DOC records corrected, the judge and prosecutor held in contempt of the plea agreement, and his release from confinement.

Thus, like the claims against the DOC, the prosecutor is not immune from the declaratory and injunctive relief suit. However, like his claims against the DOC, Wilkerson's claims against Pinho are subject to dismissal with prejudice as legally

12

frivolous or for failure to state a claim for which relief can be granted under <u>Heck</u>, without prejudice to his ability to pursue his relief in the appropriate habeas corpus petition as is further addressed later in this opinion.

E.      <u>HECK APPLICATION TO SECTION 1983 CLAIMS</u>

Wilkerson seeks declaratory and injunctive relief as to his claims. In either case, his claims must be dismissed at this time. In <u>Heck v. Humphrey</u>, 512 U.S. at 477, the Supreme Court held that a civil action for alleged civil rights violations that attacks the validity of state confinement, which has not been reversed, expunged, invalidated, or called into question by a federal court's issuance of a writ of habeas corpus, is not cognizable under Section 1983.

> [T]o recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has <u>not</u> been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

Id. at 486-87 (emphasis in original) (footnote omitted).  Although the Supreme Court's decision in Heck concerned a civil action for monetary damages, the United States Court of Appeals for the Fifth Circuit has also applied Heck in cases in which the plaintiff seeks injunctive relief.  Clarke v. Stalder, 154 F.3d 186, 189 (5th Cir. 1998) (en banc) (citing Edwards v. Balisok, 520 U.S. 641, 117 S. Ct. 1584 (1997)).

Plaintiff's claims are clearly connected to the validity of his conviction and present confinement.  Heck, 512 U.S. at 479; Hamilton v. Lyons, 74 F.3d 99, 103 (5th Cir. 1997); Boyd v. Biggers, 31 F.3d 279, 283 (5th Cir. 1994).  Among other things, he challenges the validity of his guilty plea, the execution of his sentence, certain actions by the trial judge and prosecutor during his post-conviction criminal proceedings and the performance of his criminal defense counsel.

Wilkerson's complaint indicates that he entered a plea of guilty to drug possession charges on November 17, 2003, received a seven-year suspended sentence and was placed on five years supervised probation.  Record Doc. No. 1, Complaint at p. 11, Attachment, Criminal Case Minutes.  He is presently incarcerated in the Sherman Walker Correctional Center on subsequent five-year sentences on December 6, 2004, for indecent behavior with a juvenile, and on June 3, 2005, for theft.  Record Doc. No. 1, Complaint at p. 16, Attachment, DPS&C Corrections Services Master Record.

The 2003 conviction which he challenges in this case has <u>not</u> been set aside in any of the ways described in <u>Heck</u>. Thus, any claims for relief that plaintiff asserts, attacking the manner of his conviction and continued confinement related to that conviction are premature and must be dismissed. As the Fifth Circuit has noted, the dismissal of plaintiff's Section 1983 claims is with prejudice to their being asserted again until the <u>Heck</u> conditions are met. <u>Johnson v. McElveen</u>, 101 F.3d 423, 424 (5th Cir. 1996).

III.   <u>HABEAS CORPUS CLAIMS</u>

As noted above, Wilkerson's complaint in part challenges the very fact and duration of his confinement in connection with his 2003 drug conviction. Although his suit is styled as a civil rights action under 42 U.S.C. § 1983 and filed on a form normally reserved for Section 1983 complaints, he clearly challenges the validity of his conviction and seeks his release. This Section 1983 complaint is not the proper action in which to assert these habeas corpus claims.

A prisoner who challenges the very fact or duration of his physical confinement and who seeks judgment that would entitle him to release must pursue habeas corpus relief rather than civil rights relief under Section 1983. <u>Preiser v. Rodriguez</u>, 411 U.S. 475, 500 (1973); <u>Clarke v. Stalder</u>, 121 F.3d 222, 226 (5th Cir.), <u>reh'g en banc granted & opin. vacated</u>, 133 F.3d 940 (5th Cir. 1997), <u>rev'd in part on other grounds & opin. reinstated in relevant part</u>, 154 F.3d 186, 187 (5th Cir. 1998) (en banc); <u>Caldwell v. Line</u>,

679 F.2d 494, 496 (5th Cir. 1982). Thus, although Wilkerson filed his complaint on a form reserved for Section 1983 complaints, his claims invoke habeas corpus type relief because he challenges the fact of his conviction and confinement. Clarke, 121 F.3d at 226; Hernandez v. Spencer, 780 F.2d 504, 504 (5th Cir. 1986).

A fundamental prerequisite to federal habeas relief is the exhaustion of all claims in state court before requesting federal collateral relief. Whitehead v. Johnson, 157 F.3d 384, 387 (5th Cir. 1998) (citing Rose v. Lundy, 455 U.S. 509, 519-20 (1982)); Nobles v. Johnson, 127 F.3d 409, 419 (5th Cir. 1997). "A federal habeas petition should be dismissed if state remedies have not been exhausted as to all of the federal court claims." Whitehead, 157 F.3d at 387 (citing 28 U.S.C. § 2254(b)(1)(A); Rose, 455 U.S. at 519-20)).

"The exhaustion requirement is satisfied when the substance of the federal habeas claim has been fairly presented to the highest state court." Id. (citing Picard v. Connor, 404 U.S. 270, 275-78 (1971)). "A federal court claim must be the 'substantial equivalent' of one presented to the state courts if it is to satisfy the 'fairly presented' requirement. . . . This requirement is not satisfied if the petitioner presents new legal theories or new factual claims in his federal application." Id. (citing Picard, 404 U.S. at 275-78; Nobles, 127 F.3d at 420). A court may notice sua sponte the lack of exhaustion. McGee v. Estelle, 722 F.2d 1206, 1214 (5th Cir. 1984) (en banc).

In the present case, Wilkerson alleges on page two of his petition that he filed an administrative remedy proceeding, No. HDQ-2005-2090, and indicates that he has exhausted <u>administrative</u> remedies as to that grievance. However, Wilkerson does not allege and there is no proof that he has exhausted his <u>state</u> <u>court</u> remedies in connection with his post-conviction motions to clarify and correct his sentence.

On the contrary, on the first page of his complaint, Wilkerson indicates that he has not begun any other civil lawsuits in state or federal court dealing with the same facts involved in this action. <u>Id.</u> p.1, ¶ I (A). He also does not indicate that he sought review of Judge Lanier's denial of his various motions to reconsider or clarify his sentence. Furthermore, research by staff of the undersigned magistrate judge with the Louisiana Supreme Court clerk's office indicates that Wilkerson has <u>not</u> sought review in the Louisiana Supreme Court. Accordingly, plaintiff's claims seeking habeas corpus relief must be dismissed without prejudice to allow him to pursue state court appellate and post-conviction remedies concerning his criminal conviction, before returning to this court with a properly filed habeas corpus petition.

## **RECOMMENDATION**

For all of the foregoing reasons, **IT IS RECOMMENDED** that plaintiff's complaint asserting claims pursuant to 42 U.S.C. § 1983 be **DISMISSED WITH**

**PREJUDICE**, either as legally frivolous, for failure to state a claim on which relief may be granted 28 U.S.C. § 1915(e)(2), or under Heck.

**IT IS FURTHER RECOMMENDED** that all habeas corpus claims asserted in this Section 1983 complaint be **DISMISSED WITHOUT PREJUDICE** to Wilkerson's ability to file a proper habeas corpus proceeding after exhaustion of state court remedies.

A party's failure to file written objections to the proposed findings, conclusions, and recommendations in a magistrate judge's report and recommendation within ten (10) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. Douglass v. United Servs. Auto Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

New Orleans, Louisiana, this ___30th___ day of June, 2006.

JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE